UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDRY DANIELS,<br><br>    Plaintiff,<br><br>    v.<br><br>MONROE/LIENBERGER DETENTION CENTERS, et al.,<br><br>    Defendants. | No. 2:14-cv-2176 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2          The court is required to screen complaints brought by prisoners seeking relief against a
3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
9    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13   Cir. 1989); Franklin, 745 F.2d at 1227.

14         In order to avoid dismissal for failure to state a claim a complaint must contain more than
15   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
16   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
18   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
19   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
21   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
22   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
23   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
24   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
25   U.S. 232, 236 (1974).

26         The court has screened plaintiff's complaint and finds that it states claims upon which
27   relief could be granted in the following respects:

28   /////

1. Claim for violation of the Eighth Amendment against defendants Torres, Garcia, Galey, and Gall for use of excessive force. (See ECF No. 1 at 5-6.) If these allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In all other respects, plaintiff's complaint fails to state a claim upon which relief can be granted. As to defendants City of Woodland and the Monroe/Lienberger Detention Centers (i.e., Yolo County jail facilities), "[m]unicipalities and other local government units ... [are] among those persons to whom § 1983 applies." Monell v. Dept. of Soc. Servs., 436 U.S. at 690. However, a municipal entity or its departments is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. See Villegas v. Gilroy Garlic Festival Association, 541 F.3d 950, 964 (9th Cir. 2008) (citing Monell, 436 U.S. at 690–94). Here, plaintiff does not allege that the four individual defendants named above were acting according to a local government policy or custom.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants: Myles Torres, L. Garcia, S. Galey, and Gall.

4. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed September 19, 2014.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Five copies of the endorsed complaint filed September 19, 2014.

      6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

      7. The Clerk of Court shall assign a district judge to this action.

      IT IS HEREBY RECOMMENDED THAT the following defendants be dismissed from this action with prejudice: Monroe/Lienberger Detention Centers, City of Woodland, Miguel Castenada, Y. Yakimtsev, Fristole, and Lilly Chan.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 27, 2014

                                       CAROLYN K. DELANEY  
                                       UNITED STATES MAGISTRATE JUDGE

2 / dani2176.1.new

4

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LANDRY DANIELS, | No.  2:14-cv-2176 CKD P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| MONROE/LIENBERGER DETENTION CENTERS, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_        completed summons form

    \_\_\_\_        completed USM-285 forms

    \_\_\_\_        copies of the _____

                                    Complaint

DATED:

                                    _____

                                    Plaintiff