UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDRY DANIELS, | No. 2:14-cv-2176 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| MONROE/LIENBERGER DETENTION CENTERS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 28, 2014, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court declines to adopt the recommended dismissal of the individual defendants because the contentions in plaintiff's objections suggest he may be able to amend his complaint to state a

/////

1

cognizable claim against these defendants.  Accordingly, plaintiff's complaint will be dismissed with leave to file an amended complaint within thirty days.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must identify each defendant in the caption of the complaint.  *See* Fed. R. Civ. P. 10(a).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Nothing in the objections suggests amendment would cure the defects identified by the magistrate judge with respect to the municipal defendants.  Accordingly, those defendants will be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed October 28, 2014, are adopted in part;

2.  Defendants Monroe/Lienberger Detention Centers and City of Woodland are dismissed;

3.  Plaintiff's complaint is dismissed with leave to file an amended complaint as allowed above within thirty days; and

     4. The Clerk of the Court is directed to send plaintiff the court's form civil rights complaint and accompanying instructions.

DATED: April 7, 2015.

                                  UNITED STATES DISTRICT JUDGE