UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDRY DANIELS,<br><br>             Plaintiff,<br><br>       v.<br><br>MONROE/LIENBERGER DETENTION CENTERS, et al.,<br><br>             Defendants. | No. 2:14-cv-2176 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against defendants Torres, Garcia, Galey, and Gall on the complaint filed September 19, 2014, in which plaintiff claims defendants used excessive force against him in 2013, when he was a county jail inmate. (ECF No. 1; see ECF Nos. 4 & 28.) Before the court is defendants' motion for summary judgment. (ECF No. 30.) Plaintiff has filed an opposition, and defendants have replied. (ECF Nos. 35 & 36.)

Defendants argue that (1) plaintiff failed to exhaust administrative remedies for his claims, (2) plaintiff's claims are barred under Heck v. Humphrey, and (3) defendants are entitled to summary judgment on the merits. As set forth below, the undersigned concludes that defendants' motion should be granted.

1

II. <u>Legal Standards</u>

A. <u>Summary Judgment</u>

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See <u>Matsushita</u>, 475 U.S. at 587.

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." <u>Albino</u>, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." <u>Id.</u> The ultimate burden of proof remains with defendants, however. <u>Id.</u> "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." <u>Id.</u> at 1166.

B. <u>Exhaustion Requirement</u>

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (also known as

the Prison Litigation Reform Act ("PLRA")).  A prisoner must exhaust his administrative remedies before he commences suit.  McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant.  Jones v. Bock, 549 U.S. 199, 216 (2007).  In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement.  Woodford v. Ngo, 548 U.S. 81, 84 (2006).  When an inmate's administrative grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as "effectively unavailable."  Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

III. Facts

In a verified complaint, plaintiff alleges that, on June 17, 2013, defendants Torres, Garcia, Galey, and Gall used excessive force against him while he was in a holding cell at the Yolo County Courthouse before a court hearing.  (ECF No. 1 at 5-6.)

The following facts are undisputed unless otherwise noted[1]:

On September 19, 2012, plaintiff was booked into the Monroe Detention Center, Yolo County's Main Jail ("Monroe"), for violating the terms of his parole.  (DUF 1.)  The following month his parole was revoked, and the Board of Parole Hearings ordered him detained for 120 days for this violation.  (DUF 2.)

---

[1] See Defs.' Statement of Undisputed Material Facts (ECF No. 30-4) & Defs.' Reply to Plaintiff's Responses to Statement of Undisputed Material Facts (ECF No. 36-1).

1      On May 17, 2013, while still detained at Monroe, plaintiff was scheduled for a court
2 appearance. Defendant Deputies Torres and Garcia were assigned with transporting plaintiff
3 from Monroe to the courthouse. (DUF 3.) They escorted him out of his cell in a wheelchair and
4 drove him to the courthouse. (DUF 3-8.) Plaintiff, who was dressed in boxer shorts and a t-shirt
5 and was having stomach problems, urinated in the back seat of the car. (DUF 5-7; ECF No. 1 at
6 5.)
7      When they arrived at the courthouse, Torres and Garcia escorted plaintiff to a holding cell
8 to allow him to change into a clean jumpsuit. (DUF 8.) When Torres took off plaintiff's left
9 handcuff, plaintiff turned violently to his right, shouting "you motherfuckers" and raised his left
10 arm in a threatening manner toward Deputy Garcia. (DUF 11.) Deputies Torres, Garcia, and
11 another officer used force to take plaintiff to the ground and restrain him in handcuffs. (DUF 12-
12 14.) Plaintiff alleges that he was placed in a chokehold, his arm was twisted behind his back, and
13 his shoulder, legs, right ankle, and head were injured in the incident, which he contends was an
14 excessive use of force under the Eighth Amendment.  (ECF No. 1 at 5-6.) Plaintiff sustained
15 abrasions to his shoulders, arms, and knee. (DUF 16.) Defendant Torres received medical
16 attention for a four-inch laceration on his left forearm. (DUF 14.)
17      On May 21, 2013, the Yolo County District Attorney's Office filed a criminal complaint
18 in the superior court charging plaintiff with a violation of Cal. Penal Code § 69, Resisting
19 Executive Officer By Means of Threats, Force or Violence, for the assault on Deputy Torres.
20 (DUF 18.) Additional counts were added and, on October 9, 2013, a jury found plaintiff guilty of
21 two counts of violating Cal. Penal Code § 69 for his assault on Deputies Torres and Garcia.
22 (DUF 19-21.) On November 14, 2013, the court sentenced plaintiff to a prison term of 25 years
23 to life. (DUF 22.) The next day, plaintiff was transferred out of Monroe to begin serving his
24 prison sentence. (DUF 23.)
25      Monroe has a grievance procedure to allow inmates to redress conditions related to
26 confinement, used in conjunction with an inmate grievance form. (DUF 24.) The grievance
27 procedure is described in Monroe's Inmate Handbook, which is provided to all incoming inmates
28 and also is available on request. (DUF 25.) Inmate grievances are assigned log numbers,

documented, and reviewed in a three-level process, with review by the Jail Commander the final administrative remedy available to inmates. (DUF 26-27.)

During plaintiff's 14-month period of incarceration at Monroe, he submitted at least two dozen grievances on Monroe's official Inmate Grievance Form. (DUF 29.) In a sworn declaration, Yolo County Correctional Lieutenant Mike Castaneda states that, of the twenty-four grievances plaintiff submitted while at Monroe, twenty-one were submitted after the May 17, 2013 incident of alleged excessive force, yet none of them made any mention of the events of May 17, 2013. (Castaneda Supp. Decl., ECF No. 36-2, ¶ 3.)

In his opposition, plaintiff states that he

> filed at least 30 grievances or more about incidents, claims, and treatment at [Monroe], and never received a response for more than five. My cell was repeatedly searched and trashed, and I was targeted by certain correctional officers, with no assistance from my attorney/public defender. I had to wait until I was finally transferred to DVI/Tracy to file another grievance asking for a response to my claim. That grievance was also still never returned with a reply to exhaust any remedies.

(ECF No. 35 at 2.) On March 10, 2014, four months after he was transferred from Monroe to a state prison, plaintiff drafted a grievance about the May 17, 2013 incident, which he submitted with his federal complaint. (ECF No. 1 at 5-6.) Plaintiff did not use an official grievance form, and it is unclear from the record how, when, or at what institution he submitted this document for review by correctional officials. Monroe has no record of this purported grievance except as a document attached to the complaint in this action. (DUF 30.)

IV. Analysis

Based on the above record, defendants have met their initial burden to prove that there was an available administrative remedy, and that plaintiff did not exhaust that remedy for the events giving rise to this action. Monroe had an established inmate grievance procedure, and plaintiff himself filed two dozen grievances while housed there. However, none of these grievances concerned defendants' use of force on May 17, 2013.

Turning to plaintiff's burden, plaintiff's statements that his cell was "searched and trashed" and that he only received responses to a handful of his grievances at Monroe do not

5

suffice to show that administrative remedies were effectively unavailable.  The fact that plaintiff filed numerous grievances between May 2013 and his November 2013 transfer suggests a belief that administrative remedies were available at the jail.  Plaintiff does not explain why he attempted to seek such remedies for many other issues, but not the incident that is the subject of this action.  While plaintiff apparently attempted to submit a grievance to officials at Monroe ten months after the May 2013 incident, this does not show that such remedies were effectively unavailable.  See Woodford, 548 U.S. at 84 (an untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement).

The undersigned concludes that there is no genuine dispute of fact that plaintiff failed to exhaust administrative remedies as to his federal claims, obviating the need to reach defendants' other arguments for summary judgment.  Based on the foregoing, the undersigned will recommend that defendants' motion be granted.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 30) be granted and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 13, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /dani2176.sj